# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS C. BOYACK, et al., | CASE NO. 1:11-cv-00416-AWI-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' MOTION FOR REMAND BE GRANTED** |
| v. | |
| ERIC RICHARD ELESON, | **OBJECTIONS DUE: 17 Days** |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

On March 11, 2011, Defendant Eric Richard Eleson ("Defendant") filed a Notice of Removal. The notice purports to remove three petitions filed in Tuolumne County Superior Court in three separate cases that have each resulted in a final order.[1]  Each petition seeks an order striking and releasing liens or other encumbrances on the property of public officers or employees as well as an ex parte request for an order to show cause why these liens or encumbrances should not be stricken and released.  (Doc. 1, p. 8-11.)

---

[1] The cases Defendant seeks to remove from state court involve petitions for the expungement of liens filed against the properties of public employees and officials.  These underlying matters refer to the parties as "petitioner" and "respondent."  For clarity, in this matter the term "Defendant" refers to Eric Richard Eleson, and the term "Plaintiff" refers to Douglas C. Boyack, Michael Knowles, and Donald I. Segerstrom, Jr. (collectively "Plaintiffs").

One of the three state court actions Defendant seeks to remove, *Boyack v. Eleson*, CV56392, was filed on behalf of Judge Douglas C. Boyack.  Judge Boyack's petition for expungement includes a declaration stating the following:

> I received by mail a copy of a UCC Financing Statement (FORM UCC-1) Document No.: 11-7256536602 filed with the California Secretary of State on December 31, 2010, and a Financing Statement Addendum (Form UCC1Ad) Document No. 27482850008, attached hereto as Exhibit A.  The respondent's UCC-1 Financing Statement was purportedly to perfect a security interest and effectuate a lien based on a "Security Agreement," "Consensual Contracts," and "Invoices."  Respondent falsely stated in the Financing Statement that I signed or authorized these instruments and/or Financing Statement.  There is, in fact, no contractual or other relationship that would give the respondent a security interest or lien against my assets or property.
>
> I am aware that the respondent was imprisoned to 75 years to life after conviction for crimes prosecuted in the Tuolumne County Superior Court where I am employed as a Judge.  I am also aware of two (2) recent cases in which the respondent filed similar Financing Statements, the first involving our Presiding Judge, Eric L. DuTemple (Tuolumne Superior Court Case No. CV55132) and the second involving our court's research attorney, Dana Matthews (Tuolumne Superior Court Case No. CV55133).  Both of those cases resulted in expungement of the respondent's fraudulent liens and $5,000 in civil penalties.

(Doc. 1, p. 11; Doc. 5-1, Exhibit 1.)  The remaining two actions Defendant seeks to remove were filed by Michael Knowles (*Knowles v. Eleson*, CV56401) (Doc. 1, p. 20-27; Doc. 5-1, Exhibit 9) and Donald Segerstrom, Jr. (*Segerstrom v.Eleson*, CV56402) (Doc. 1, p. 29-37; Doc. 5-1, Exhibit 5). Declarations of Plaintiffs Knowles and Segerstrom were included in these petitions and were similar to that of Judge Boyack.

All three matters came on regularly for hearing on March 9, 2011, and the Tuolumne Superior Court issued an order in *Boyack v. Eleson*, CV56392, providing as follows:

> The hearing on the Order to Show Cause for the above-entitled matter came on regularly for hearing in Department One (1) of the above entitled court on March 9, 2011[,] before the Honorable William Polley, Judge of the Superior Court.  Deputy County Counsel, Christopher Schimdt, appeared on behalf of the petitioner[,] and the respondent made no appearance.
>
> The Court having considered the matter, all papers on file herein, and oral argument, finds that:
>
> 1.    All notices have been given as required by law;
> 2.    The petitioner is public official or employee;
> 3.    The respondent filed a lien or encumbrance against the petitioner knowing it was false, with the intent to harass the petitioner or influence the petitioner in discharging his official duties in violation of California Government Code Section 6223;

2

4.      The respondent's conduct was egregious, and after given the opportunity to respond to the petition, the respondent failed to file a response within the time required.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The lien described as Uniform Commercial Code Financing Statement (Form UCC-1) Document No.: 11-7256536602 filed with the California Secretary of State on December 31, 2010; Financing Statement Addendum (Form UCC1Ad) Document No. 27482850008 is stricken, expunged, and the petitioner is released therefrom;

2.      The California Secretary of State is directed to expunge or remove the above-described lien from its index; and

3.      The respondent shall pay to the petitioner the sum of Five Thousand Dollars ($5,000.00) in civil penalties pursuant to California Code of Civil Procedure Section 765.040.

(Doc. 4, p. 13-14; Doc. 5-1, Exhibit 3.)  Nearly identical orders were issued on March 9, 2011, in *Knowles v. Eleson*, CV56401 (Doc. 5-1, Exhibit 11), and *Segerstrom v. Eleson*, CV56402 (Doc. 5-1, Exhibit 7).

On April 5, 2011, Plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1447(c). Plaintiffs assert that the Court lacks subject matter jurisdiction over the petitions because no question of federal law is presented, and there is a lack of diversity of citizenship between Plaintiffs and Defendant.  (Doc. 5, 4-5.)

## II.  DISCUSSION

### A.      Plaintiffs' Request for Judicial Notice Should Be Granted

Plaintiffs request that the Court take judicial notice of certified copies of documents filed in, or orders issued by, the state court in each of the three cases Defendant is attempting to remove, as follows:

***Boyack v. Eleson*, CV56392**:

| | |
|---|---|
| **Doc. 5-1, Ex. 1:** | Petition for Order Striking and Releasing Lien or Other Encumbrance On Property of Public Officer and Ex Parte Order to Show Cause Why Lien Or Other Encumbrance On The Property Of A Public Officer Or Employee Should Not be Stricken And Released, filed on February 10, 2011; |
| **Doc. 5-1, Ex. 2:** | Amended Order to Show Cause Why Lien or Other Encumbrance on the Property of a Public Officer or Employee Should Not Be Stricken and Released, issued on February 17, 2011; |

**Doc. 5-1, Ex. 3:**      Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee issued on March 9, 2011*;*

**Doc. 5-1, Ex. 4:**      Proof of Service of Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee, filed on March 10, 2011.

***Segerstrom v. Eleson*, CV56402:**

**Doc. 5-1, Ex. 5:**      Petition for Order Striking and Releasing Lien or Other Encumbrance On Property of Public Officer and Ex Parte Order to Show Cause Why Lien Or Other Encumbrance On The Property Of A Public Officer Or Employee Should Not be Stricken And Released, filed on February 14, 2011;

**Doc. 5-1, Ex. 6:**      Order to Show Cause Why Lien or Other Encumbrance on the Property of a Public Officer or Employee Should Not Be Stricken and Released, issued on February 17, 2011;

**Doc. 5-1, Ex. 7:**      Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee, issued on March 9, 2011*;*

**Doc. 5-1, Ex. 8:**      Proof of Service of Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee, filed on March 10, 2011.

***Knowles v. Eleson*, CV56401:**

**Doc. 5-1, Ex. 9:**      Petition for Order Striking and Releasing Lien or Other Encumbrance On Property of Public Officer and Ex Parte Order to Show Cause Why Lien Or Other Encumbrance On The Property Of A Public Officer Or Employee Should Not be Stricken And Released, filed on February 14, 2011;

**Doc. 5-1, Ex. 10:**      Order to Show Cause Why Lien or Other Encumbrance on the Property of a Public Officer or Employee Should Not Be Stricken and Released, issued on February 17, 2011;

**Doc. 5-1, Ex. 11:**      Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee issued on March 9, 2011*;*

**Doc. 5-1, Ex. 12:**      Proof of Service of Order Striking and Releasing Lien or Other Encumbrance on Property of Public Officer or Employee, filed on March 10, 2011

Federal Rule of Evidence 201 applies to judicial notice of adjudicative facts.  The kinds of adjudicative facts that may be judicially noticed are as follows:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

A court may take judicial notice of matters of public record. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, a court's power to take notice of public records does not confer upon it the power to take judicial notice of disputed facts stated in public records. *Id.* at 690 (noting that lower district court did more than take judicial notice of undisputed matters of public record). To the extent that Plaintiffs request that the Court take judicial notice that the documents referenced above were filed or issued in these cases, the request should be granted. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (request for judicial notice of pleadings filed in a related state court action granted). However, the Court is prohibited from taking judicial notice of any disputed facts contained in these documents. *See Lee*, 250 F.3d at 690.

**B.      Plaintiffs' Motion For Remand Should Be Granted**

**1.      Legal Standard – Removal Jurisdiction**

The propriety of removal requires consideration of whether the district court has original jurisdiction over the action, i.e., whether the case could have originally been filed in federal court based on a federal question, diversity of citizenship, or another statutory grant of jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the original jurisdiction of the district court, removal is improper. The absence of subject matter jurisdiction is not waivable by the parties. *Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007) ("[t]he defense of lack of subject matter jurisdiction cannot be waived, and may be raised at any time during the proceedings") (internal citations and quotation marks omitted).

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states. *See* 28 U.S.C. § 1332(a). Further, a defendant may remove an action to federal court under Section 1332 provided no defendant is a citizen of the same state in which the action was brought. *See id.* § 1441(a), (b).

1   "If at any time before final judgment it appears that the district court lacks subject matter

2   jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  A district court has "a duty to

3   establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raise

4   the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir.

5   2004).

6   **2.     No Subject Matter Jurisdiction Exists**

7   Defendant claims that removal jurisdiction exists because there is diversity of citizenship

8   under 28 U.S.C. § 1332(a).  Section 1332(a) provides that "[t]he district courts shall have original

9   jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

10  exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State

11  and citizens or subjects of a foreign state; . . . . "  28 U.S.C. § 1332(a).  Defendant asserts that the

12  Plaintiffs are citizens of the state of California.  (Doc. 1, p. 2.)  Defendant also asserts that he is "a

13  Sovereign American, NOT a citizen of the United States or any State (in accord with 28 [U.S.C.]

14  § 1603(a)."  (*Id.*; *see also* Doc. 1, Exhibit 2.)

15  Defendant is a prisoner at Mule Creek, a California state prison.  Based on Defendant's

16  allegations, he is neither a citizen of a state other than California, nor a citizen of a recognized

17  foreign state.  *See Palmerton v. Cochran*, No. Civ. 05-3109-CO, 2006 WL 3227889, at *3 (D.Or.

18  Nov. 6, 2006); *cf. United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (noting rejection

19  of argument that plaintiff was not a taxpayer because she claimed to be an absolute, freeborn, and

20  natural individual).  Defendant has not carried his burden of establishing that his citizenship lies

21  anywhere other than California.  *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th

22  Cir. 2006) ("[i]t is presumed that a cause lies outside [the] limited jurisdiction [of the federal courts]

23  and the burden of establishing the contrary rests upon the party asserting jurisdiction").  As a result,

24  complete diversity between Plaintiffs and Defendant does not exist.

25  Removal is also inappropriate under 28 U.S.C. § 1441(b) which provides that an action is

26  removable on the basis of diversity only where none of defendants is a citizen of the state in which

27  the action is brought.  As Defendant has not established that he is a citizen of a state other than

28  California, he may not remove a case filed in California based on diversity of citizenship.

Moreover, the matters Defendant is attempting to remove involve petitions to expunge liens that Defendant was found to have filed or recorded in violation of California Code Government Code § 6223.[2]  This is an issue of state law, and no question of federal law is presented that would support federal question jurisdiction under 28 U.S.C. § 1331.  To the extent that Defendant claims to have defenses that involve questions of federal law, affirmative defenses do not provide the basis for federal question jurisdiction.  *Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

Accordingly, the Court finds that Defendant has not established that the Court has subject matter jurisdiction over the actions Defendant has attempted to remove from Tuolumne County Superior Court to this Court.

**C.     Defendant's Motion to Proceed In Forma Pauperis Should Be Denied As Moot**

Defendant has filed a motion to proceed without the prepayment of fees.  (Doc. 8.)  In light of the Court's finding that it lacks subject matter jurisdiction, the Court finds that Defendant's motion to proceed *in forma pauperis* is moot.  As such, the Court recommends that it be denied.

### III.    CONCLUSION

Accordingly, the Court RECOMMENDS that

1.      Plaintiffs' request for judicial notice be GRANTED;

2.      Defendant's motion to proceed *in forma pauperis* be DENIED AS MOOT; and

2.      Plaintiffs' motion to remand be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within seventeen (17) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any responses to

---

[2] California Government Code § 6223 prohibits anyone from filing or recording any encumbrance against a public officer or employee knowing it is false.  Cal. Gov't Code § 6223.

objections should be filed and served on all the parties within 14 days after service of the objections. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **April 22, 2011**                **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE